# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GRACIELA BELTRAN, *et al.* <br><br> Plaintiffs, <br><br> vs. <br><br> CAPITOL RECORDS, LLC, f/k/a, CAPITOL RECORDS, INC. AND EMI MUSIC, INC., <br><br> Defendants. | Case No.: 12-cv-1002 YGR <br><br> **NOTICE OF TENTATIVE RULING ON MOTION TO DISMISS** |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD, PLEASE TAKE NOTICE OF THE FOLLOWING TENTATIVE RULING ON THE MOTION OF CAPITOL RECORDS, LLC, TO DISMISS, SET FOR HEARING ON JUNE 19, 2012, AT 2:00 P.M.:

The Court has reviewed the parties' papers and is inclined to grant in part and deny in part Defendant Capitol Records, LLC'S ("Capitol") motion to dismiss Plaintiff Graciela Beltran's ('Beltran") First Amended Complaint. This is a *tentative* ruling and the parties still have an opportunity to present oral argument. <u>The Court will be unavailable on June 19, 2012. Any argument on the motion will therefore be heard on July 3, 2012 at 2:00 p.m.</u>

Alternatively, if the parties JOINTLY stipulate in writing to entry of the tentative ruling, the hearing shall be taken off calendar, and the tentative ruling shall become the order of the Court.

The Court **T**ENTATIVELY **G**RANTS **I**N **P**ART **A**ND **D**ENIES **I**N **P**ART the Motion of Defendant Capitol Records, LLC to Dismiss the First Amended Complaint (Dkt. No. 14, "FAC") pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure, as follows:

### I. Request for Judicial Notice

Defendant's request for judicial notice is DENIED as to Exhibit 1. The Court takes judicial notice of matters relevant to the motion. The corporate status of the loan-out company here does not appear to be relevant to the question of whether Beltran herself has standing. A third party beneficiary has standing to sue even if a party to the agreement is a suspended corporation. *Performance Plastering v. Richmond Am. Homes of California, Inc.*, 153 Cal. App. 4th 659, 668-69 (2007).

The request is GRANTED as to Exhibit 2, the recording contract. Plaintiff does not dispute the authenticity of the contract. The agreement and its terms are part of the allegations of the complaint, are incorporated by reference, and are relevant to the matters at issue in this motion.

### II. Standing

Beltran has alleged that the agreement was between her and Defendant. That allegation is contradicted by the agreement itself. The agreement appears on its face to be between Defendant and Beltran's "loan-out company," not directly with Beltran.[1] Thus, Beltran does not have standing as a party to the contract.

---

[1] The original agreement, signed in 1996, states that it was between "EMI Latin Records, a division of Capitol Records, Inc." and "Graciela Beltran under G.B. Tesoro Music [Inc.]" (RJN Exh. 2 at p. 005). Beltran signed the original agreement as follows: "ACCEPTED AND AGREED: G.B. TESORO MUSIC [ ] By: Graciela Beltran" and included a "Federal ID #" presumably of the the corporation not for Beltran individually. (*Id.* at p. 007.) The amendment to the agreement, signed two years later, says that it is a between "EMI Latin, a division of Capitol Records, Inc. ("EMI") and G.B. Tesoro Music, o/b/o 'Graciela Beltran.'" (RJN Exh. 2 at p.018.) The letters "Inc. G.B." are handwritten in above G.B. Tesoro Music. (*Id.*) A similar notation appears on the signature page, where Beltran signed under the words "G.B. Tesoro Music." (*Id.* at p. 019.)

Although not pleaded in the complaint, Beltran argues in her opposition that she has standing as a third party beneficiary of the agreement. Under California Civil Code § 1559, "[a] contract, made expressly for the benefit of a third person, may be enforced by him at any time before the parties thereto rescind it." Beltran is clearly a third-party beneficiary of the agreement with a right to enforce the agreement. Indeed, Defendant does not attack her status as a third-party beneficiary *per se*. What Defendant does argue is that because the actual party to the contract here, G.B. Tesoro, Inc., is a suspended corporation with no capacity to sue on any claims, Beltran likewise has no standing to sue.

It is true that a suspended corporation has no right to prosecute or defend litigation so long as it is suspended. Cal. Rev. & Tax Code § 23301; *see also, e.g., Reed v. Norman*, 48 Cal. 2d 338, 343 (1957) ("corporation may not prosecute or defend an action, nor appeal from an adverse judgment in an action while its corporate rights are suspended for failure to pay taxes"). California courts have held that a party which "stands in the shoes" of the suspended corporation, such as an insurer seeking to assert the corporation's claims in subrogation, lacks standing to pursue the claims so long as the corporation is suspended. *Kaufman & Broad Communities, Inc. v. Performance Plastering, Inc.*, 136 Cal. App. 4th 212, 218 (2006); *Truck Ins. Exchange v. Superior Court*, 60 Cal.App.4th 342, 344(1997). However, California law also holds that a third party beneficiary of an agreement has standing to assert its rights regardless of the executing corporation's suspension. *Performance Plastering v. Richmond Am. Homes of California, Inc.*, 153 Cal. App. 4th 659, 668-69 (2007) (subcontractor's insurer was a third party beneficiary of subcontractor's settlement agreements with general contractor and, therefore, had standing to sue general contractor for breach even though subcontractor was suspended corporation). The distinction appears to arise from the

nature of the rights asserted: whether the rights are asserted on behalf of the corporation or whether they are rights and benefits that inure directly to the claiming beneficiary.

Nevertheless, Beltran has not yet pleaded standing based upon her status as a third party beneficiary of the contract. Therefore, the motion to dismiss for lack of standing is GRANTED. Beltran has leave to amend to allege a basis for standing, whether for herself as a third party beneficiary, or for the corporation as the party to the agreement if the corporate status is not suspended. *See Benton v. County of Napa,* 226 Cal.App.3d 1485, 1489-90 (1991) (revivor of a corporation, even for limited purpose, validates any procedural step taken on its behalf while suspended, including retroactive validation of a complaint in litigation).

### III.     Limitation of Remedies Provision

Defendant argues that the remedies sought in the complaint, and particularly all the remedies sought in connection with Plaintiff's claim under California Business & Professions Code §17200, are barred by the agreement's limitation of remedies clause. Paragraph 9(b) of the agreement limits the remedies available for any claim or action on the contract. Claims must be commenced within one year of any statement or accounting and the sole remedy for any claim is limited to the amount of royalties due for the accounting period concerned.

Beltran, in opposition, offers a number of bases for finding that this limitations clause is not enforceable. Beltran argues that the provision cannot be enforced because it is unconscionable, citing *Nunes Turfgrass, Inc. v. Vaughan-Jacklin Seed Co*., 200 Cal. App. 3d 1518, 1534 (1988). However, Beltran does not allege facts in the FAC to show that the agreement was so one-sided in its burdens and benefits, or so lacking in meaningful choice for one of the parties, that it should not be enforced. Similarly, she argues that the provision would violate public policy, but does not point to any factual allegations addressing this in the FAC. Likewise, Beltran generally argues that the

4

agreement "fails its essential purpose," citing California Commercial Code §2719, but does not allege facts to support that argument, nor that the agreement here is one covered by the Commercial Code. *RRX Indus., Inc. v. Lab-Con, Inc.*, 772 F.2d 543, 546-47 (9th Cir. 1985) (under facts alleged, software system was a "good" and circumstances rendered damages limitation clause oppressive and invalid even if not bad faith or unconscionable). Each of Beltran's arguments is highly fact-dependent. *See*, *e.g., Nunes Turfgrass, Inc. v. Vaughan-Jacklin Seed Co.*, 200 Cal. App. 3d 1518, 1534 (1988); *RRX Indust., supra*; *A&M Produce Co. v. FMC Corp.*, 135 Cal.App.3d 473 (1982) (limitation of remedies provision was, under the circumstances, unenforceable) However, none of them are pleaded in the complaint.

Thus, the motion to dismiss on this basis is GRANTED with leave to amend to allege a legal and factual basis for avoiding enforcement of the limitations of remedies clause in the agreement.

### IV.     Violation of California Business & Professions Code §17200

Defendant further argues that Beltran's claim under California's Unfair Competition Law, Business & Professions Code §17200 ("UCL" Claim"), is not stated properly because she is attempting to turn a contract dispute into a tort or statutory claim. Defendant argues that a breach of contract is not an "unlawful" or "unfair" act for purposes of the UCL.

Defendant's argument overlooks that Beltran has alleged that Defendant was engaged in a scheme to breach substantially uniform recording agreements of Plaintiff and the alleged class in a systematic manner so as to underpay them. (*See, e.g.,* FAC ¶¶ 13-40.) Such allegations—a systematic breach of contracts with a group of similarly situated parties—are sufficient to state a claim for an unfair business practice in violation of the UCL. *See In re Facebook PPC Adver. Litig.*, 2010 WL 3341062 (N.D. Cal. Aug. 25, 2010) (defendant systematically exploited ambiguities in the contractual language regarding "invalid clicks" to overcharge all of them); *Smith*

*v. Wells Fargo Bank, N.A.*, 135 Cal. App. 4th 1463, 1483 (2005) (systematic breach of agreements between bank and customers alleged); *Allied Grape Growers v. Bronco Wine Co.*, 203 Cal. App. 3d 432, 452 (1988) (buyer's systematic practice of downgrading grapes after overcontracting with grape growers was unfair business practice).

Thus, the motion to dismiss the fourth "cause of action" on these grounds is DENIED.

### V.     Trespass to Chattels Claim

Defendant argues that the claim for trespass to chattels cannot be stated because the "chattel" alleged here is money owed and therefore the alleged "trespass" is not actionable because Beltran has not identified any personal property trespassed, but has only alleged a claim for money damages for breach of a contract. Defendant also argues that Beltran, in making her argument, has mis-quoted the *eBay v. Bidder's Edge, Inc.*, 100 F. Supp. 2d 1058 (N.D. Cal. 2000) case.

The Court agrees on both counts. First, a claim for trespass to chattels in California "lies where an intentional interference with the possession of *personal property* has proximately caused injury." *Intel Corp. v. Hamidi*, 30 Cal. 4th 1342, 1350 (2003) (internal citation omitted, emphasis added). The claim is considered to be similar but less serious than a claim for conversion, providing a remedy for some damage or impairment short of complete loss of value or use. *Id.* at 1350-51. Here, Plaintiff pleads a "possessory interest" in money due under the agreements, not in any specific fund on deposit or other personal property. (FAC ¶6, 78.) This is nothing more than a claim for money damages based on contractual rights, not an interference with use or possession of specifically identifiable personal property. The authorities cited by Beltran offer no basis for treating a claim for failure to pay money due under a contract as one for interference with possession of that money, nor is the Court aware of any. *Cf. Farmers Ins. Exch. v. Zerin*, 53 Cal. App. 4th 445, 452 (1997) (contractual claim for money due is not actionable as conversion though

allegation of a specific, identifiable sum to which plaintiff has a right to immediate possession can be).

Further, Beltran has mis-cited the main authority on which she does rely.  The *eBay, Inc. v. Bidder's Edge, Inc*., case does not say that the claim may be stated by alleging defendant's interference with plaintiff's "use and enjoyment of *her money* owed to her," but that a claim was stated based upon interference with "plaintiff's possessory interest in the ***computer system***." Compare Plaintiff's Oppo., Dkt. No. 32, at 15:7-9 with *eBay, Inc. v. Bidder's Edge, Inc*., 100 F. Supp. 2d 1058, 1069-70 (N.D. Cal. 2000).  The court in *eBay* reiterated that trespass to chattels is "seldom employed as a tort theory in California," and that it requires "intentional interference with the possession of personal property." *Id.* at 1069.  There is no support for the notion that the funds sought here are "personal property" for purposes of a trespass to chattels claim.

The motion to dismiss the claim for trespass to chattels is GRANTED.  Plaintiff is given leave to amend to allege, if possible, a viable claim for interference with personal property, though the facts here do not appear capable of supporting one.

Plaintiff's counsel is cautioned to cite and quote authorities with more care, consistent with counsel's duties as officers of the Court.  Failure to do so may result in sanctions.

**VI.     Failure to Comply with Notice and Cure Provision**

Defendant argues that Beltran fails to allege that she complied with the notice and cure provision in the agreement and therefore all her claims are barred. Paragraph 15 provides that "no failure to perform any of our obligations hereunder shall be deemed a material breach of this Agreement[ ] until you have given us written notice of such breach and such breach has not been corrected, or we have not commenced to cure such breach, within forty-five (45) days after the giving of such notice."

7

In opposition, Beltran offers a number of legal arguments as to why the provision should not be enforced or compliance should be excused, including futility of giving additional notice, and the impropriety of applying the requirement in the context of class-wide claims of deceptive business practices.  She further points to allegations in the complaint that numerous other artists, not members of the class alleged here, have raised this issue in internal account audits and elsewhere, and have reached individual settlements with Defendant.  However, these allegations are not sufficient by themselves to plead around the notice and cure provision.  In the absence of factual allegations in the complaint addressing the condition precedent, the Court declines to reach the question of whether any one of Beltran's arguments for excusing liability are viable.

The motion to dismiss on these grounds is GRANTED with leave to amend to allow Beltran to plead a basis for avoiding the condition precedent here.

Therefore, the Court *tentatively* Orders the following:

Defendant's Motion to Dismiss is GRANTED IN PART AND DENIED IN PART:

1) The motion to dismiss on grounds of lack of standing under Rule 12(b)(1) is **GRANTED** with leave to amend;

2) The motion to dismiss claims for relief based upon the limitation of remedies provision and failure to comply with the notice and cure provisions of the recording contract is **GRANTED** on both grounds, with leave to amend;

3) The motion to dismiss the claim for trespass to chattels is **GRANTED** with leave to amend;

4) The motion to dismiss the claim for violation of the Unfair Competition Law, Cal. Bus. & Prof. Code §17200 for failure to allege unfair, unlawful or fraudulent conduct is **DENIED**;

8

5) Plaintiff shall have 21 days from the date of this order to file her amended complaint.

6) Defendant shall have 21 days thereafter to file and serve its response to the amended complaint.

## CONCLUSION

No later than **5:00 p.m.** on **Friday, June 15, 2012**, the parties may JOINTLY stipulate in writing to entry of this tentative ruling. If the parties so stipulate, then the hearing shall be taken off calendar, and the tentative ruling shall become the order of the Court. Otherwise, the hearing will take place on **Tuesday, July 3, 2012, at 2:00 p.m.** in a courtroom to be designated.

**IT IS SO ORDERED.**

Date: June 13, 2012

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**