UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GRACIELA BELTRAN, *et al.*<br><br>Plaintiffs,<br><br>vs.<br><br>CAPITOL RECORDS, LLC, f/k/a, CAPITOL RECORDS, INC. AND EMI MUSIC, INC.,<br><br>Defendants. | Case No.: 12-cv-1002 YGR<br><br>**ORDER VACATING AND CONTINUING HEARING ON MOTION TO DISMISS** |

The Hearing on the pending Motion to Dismiss is **VACATED** and **RESET** to October 2, 2012, at 2:00 p.m. Counsel are directed to submit additional briefing of no more than 7 pages by September 11, 2012, addressed to the following questions:

1. Has plaintiff pleaded facts sufficient to establish a basis for avoiding a specific contractual bar on proceeding directly against Capitol based upon waiver or estoppel? *See Intel Corp. v. Hartford Acc. & Indem. Co.*, 952 F.2d 1551, 1559 (9th Cir. 1991). ("California courts will find waiver when a party intentionally relinquishes a right, or when that party's acts are so inconsistent with an intent to enforce the right as to induce a reasonable belief that such right has been relinquished.") In *Clinton*, the Ninth Circuit affirmed the district court's decision that a contractual limitation provision could not preclude a recording artist from seeking royalties directly against the recording company where the recording company had dealt directly with the artist by sending royalty checks addressed to him and by responding to his audit requests. *Clinton v. Universal Music Group,*

*Inc.*, 376 F. App'x 780, 781 (9th Cir. 2010). The Ninth Circuit held that, "[t]aken in the light most favorable to Clinton, the facts suffice to make Clinton either a third party beneficiary or a real party in interest [and the record company,] UMG is estopped, as a result of its own conduct, from relying on any purported waiver" of the artist's right to proceed against the record company directly. *Id.*

2. Even if plaintiff has pleaded facts sufficient to establish a basis for avoiding any contractual provisions that would preclude a direct lawsuit by plaintiff, should plaintiff be permitted to proceed directly against Capitol if the loan-out company that is the party to the agreements with Capitol is a suspended corporation? *Kaufman & Broad Communities, Inc. v. Performance Plaster, Inc.*, 136 Cal. App. 4th 212, 218 (2006); *Amesco Exports, Inc. v. Munisoglu,* 977 F. Supp. 1014, 1015 (C.D. Cal. 1997) *order vacated on reconsideration Amesco Exports, Inc. v. Associated Aircraft Mfg. & Sales, Inc.*, 87 F. Supp. 2d 1013 (C.D. Cal. 1997) (allowing individual to sue on written contract as to which he is not a party as a third party beneficiary would create a mechanism for avoiding obligations of corporate form, including bar on litigation by suspended corporation). If the loan-out corporation is controlled by plaintiff, why should plaintiff be allowed to sidestep the corporate form and obligations?

**IT IS SO ORDERED.**

**Date: August 27, 2012**

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**