**Peter I. Ostroff, SBN 45718**
postroff@sidley.com
**Rollin A. Ransom, SBN 196126**
rransom@sidley.com
**Sean A. Commons, SBN 217603**
scommons@sidley.com
**R. C. Harlan, SBN 234279**
rharlan@sidley.com
**SIDLEY AUSTIN LLP**
555 West Fifth Street, Suite 4000
Los Angeles, California  90013
Telephone:  (213) 896-6000
Facsimile:  (213) 896-6600

**Attorneys for Defendant CAPITOL RECORDS, LLC (*Bozzio* and *Tavares*)**

**Russell J. Frackman, SBN 49087**
rjf@msk.com
**Seth E. Pierce, SBN 186576**
sep@msk.com
**David A. Steinberg, SBN 130593**
das@msk.com
**Daniel M. Hayes, SBN 240250**
dmh@msk.com
**MITCHELL SILBERBERG & KNUPP LLP**
11377 West Olympic Boulevard
Los Angeles, CA 90064-1683
Telephone:  (310) 312-2000
Facsimile:  (310) 312-3100

**Attorneys for Defendant CAPITOL RECORDS, LLC (*Beltran*)**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| GRACIELA BELTRAN, individually and on behalf of all those similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>CAPITOL RECORDS, LLC, f/k/a CAPITOL RECORDS, INC., a Delaware corporation, and EMI GROUP INC, a Delaware corporation,<br><br>Defendants. | Case No. 4:12-cv-01002<br><br>Assigned to:  Hon. Yvonne Gonzalez Rogers<br><br>**DEFENDANT CAPITOL RECORDS, LLC'S SECOND SUPPLEMENTAL BRIEF IN SUPPORT OF ITS MOTIONS TO DISMISS IN THE *BELTRAN*, *BOZZIO*, AND *TAVARES* MATTERS**<br><br>Date:  N/A<br>Time:  N/A<br>Place:  N/A |
| DALE BOZZIO, individually and on behalf of all other similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>EMI GROUP LIMITED; CAPITOL RECORDS, LLC; EMI MUSIC NORTH AMERICA, LLC; EMI RECORDED MUSIC; and EMI MARKETING,<br><br>Defendants. | Case No. 4:12-cv-2421 YGR |

| | |
|---|---|
| RALPH VIERRA TAVARES, ARTHUR PAUL TAVARES, FELICIANO VIERRA TAVARES, ANTONE LAWRENCE TAVARES, and PERRY LEE TAVARES, individually and jointly p/k/a "TAVARES,' on behalf of themselves and all others similarly situated,<br><br>        Plaintiffs,<br><br>vs.<br><br>CAPITOL RECORDS, LLC, a Delaware limited liability company, as successor to and f/k/a CAPITOL RECORDS, INC., in its own name and d/b/a EMI MUSIC NORTH AMERICA,<br><br>        Defendants. | Case No. 4:12-cv-03059 YGR |

**CAPITOL'S SECOND SUPPLEMENTAL BRIEF IN SUPPORT OF ITS MOTIONS TO DISMISS**

At the October 2, 2012 hearing on Defendant Capitol Records, LLC's ("Capitol") Motions to Dismiss in the above-captioned cases, the Court stated that it would permit one joint supplemental brief from the Plaintiffs and one supplemental brief from Capitol on the following question:  Does a Court have the authority to dismiss a portion of a claim pursuant to Rule 12(b)(6) when certain remedies are not available for that claim?  Specifically, the Court inquired about authority for dismissing a portion of a claim that is barred by a limitations period or by a contractual limitation of remedies provision.  Capitol provides such authority below.

**I.     This Court May Dismiss A Portion Of A Claim As Time-Barred Under Rule 12(b)(6)**

This Court has authority to dismiss, under Rule 12(b)(6), a portion of a claim that is barred by an applicable limitations period.   Accordingly, district courts in the Ninth Circuit have regularly granted motions to dismiss portions of claims as time-barred.  *See, e.g.*, *Tech Data Corp. v. AU Optronics Corp.*, Nos. M 07–1827 SI, C 11–05765 SI, MDL No. 1827, 2012 WL 3236065, at *2 (N.D. Cal. Aug. 6, 2012) (dismissing UCL claims "to the extent" based on out-of-state purchases and "to the extent" time-barred because the four-year limitations period for certain purchases was not tolled); *Robinson v. Bank of America*, No. 12–CV–00494–RMW, 2012 WL 1932842, at *5-6 (N.D. Cal. May 29, 2012) (dismissing portion of fraud claims outside of the limitations period without leave to amend, and portion within the limitations period not pled in conformance with Rule 9(b) with leave to amend); *Lundgren v. Bank of America, N.A.*, No. C 11–00758 CW, 2012 WL 929706, at *6 (N.D. Cal. March 19, 2012) (granting motion to dismiss claims "to the extent … based on transactions barred by the statute of limitations"); *Allstate Ins. Co. v. Countrywide Fin. Corp.*, 824 F. Supp. 2d 1164, 1182 (C.D. Cal. 2011) (dismissing portion of claims relating to purchases outside limitations period); *Lauter v. Anoufrieva*, 642 F. Supp. 2d 1060, 1104 (C.D. Cal. 2009) (granting Rule 12(b)(6) motion and dismissing portion of malicious prosecution and UCL claims as barred by the statute of limitations); *Nielson v. Legacy Health Systems*, 230 F. Supp. 2d 1206, 1214 (D. Or. 2001) (dismissing portion of plaintiffs' claims as relying on events outside of the limitations period).

Moreover, specific authority exists for granting this type of relief in the context of claims to recover unpaid royalties.  *See Drum Major Music Ent. Inc. v. Young Money Ent., LLC*, No. 11 Civ.

**CAPITOL'S SECOND SUPPLEMENTAL BRIEF IN SUPPORT OF ITS MOTIONS TO DISMISS**

4895585.5/37182-00024

1980(LBS), 2012 WL 423350, at *2-3 (S.D.N.Y. Feb. 7, 2012) (granting motion to dismiss "insofar" as the claims related "to royalties for the accounting period ending [one year prior to the filing of this lawsuit] or earlier"). Accordingly, pursuant to Rule 12(b)(6), this Court may dismiss the portions of Plaintiffs' claims that fall outside of their respective contractual limitations periods.

## II.  This Court May Dismiss A Remedy Under Rule 12(b)(6)

The Court also has authority to dismiss a remedy pursuant to Rule 12(b)(6) where, as in the *Beltran* matter, a contractual limitation of remedies provision bars the remedy. *See, e.g.*, *Deutsche Lufthansa AG v. Boeing Co.*, No. 06 CV 7667 (LBS), 2007 U.S. Dist. LEXIS 9519, at *11-12 (S.D.N.Y. 2007) (granting motion to dismiss claim to the extent it sought damages in excess of those allowed by the contractual limitation of liability provision). Similarly, the Court may dismiss a request for punitive damages under Rule 12(b)(6) where, as in the *Beltran* and *Tavares* matters, such relief is unavailable as a matter of law. *See, e.g.*, *A & T Siding, Inc. v. Capitol Specialty Ins. Corp.*, No. 3:10-CV-980-AC, 2012 WL 707100, at *10 (D. Or. Mar. 1, 2012) (construing Rule 12(f) motion to strike punitive damages as a Rule 12(b)(6) motion to dismiss and dismissing request for punitive damages); *Rhodes v. Placer Cnty.*, No. 2:09-cv-00489, 2011 WL 1302240, at *20 (E.D. Cal. Mar 31, 2011) (same).

The Ninth Circuit's decision in *Whittlestone, Inc. v. Handi-Craft Co.,* 618 F.3d 970 (9th Cir. 2010) does not affect this Court's ability to dismiss a requested remedy under Rule 12(b)(6). The *Whittlestone* Court found that Rule *12(f)* does not authorize the Court to *strike* a claim for damages, specifically holding that such actions were "better suited for a Rule 12(b)(6) motion." *Id.* at 974-75. The Court went on to analyze the defendant's motion as if it were a Rule 12(b)(6) motion and found that dismissal was unwarranted on the merits, not procedural grounds. *Id.* at 975, n.2. In light of the decision in *Whittlestone*, district courts within the Ninth Circuit now treat motions to strike claims for punitive damages under Rule 12(f) as motions to dismiss under Rule 12(b)(6). *See, e.g., A & T Siding, Inc.,* 2012 WL 707100, at *10; *Rhodes*, 2011 WL 1302240, at *20. Accordingly, *Whittlestone* supports the proposition that this Court may dismiss a requested remedy under Rule 12(b)(6).

In any event, in *Beltran*, the contractual limitation of liability provision completely disposes of Beltran's second claim seeking a declaration of rights and fourth claim for violation of Section 17200 seeking an injunction and restitution – ***no*** relief can be granted pursuant to either of those claims. Therefore, dismissal is clearly warranted as to those claims. *See, e.g.*, *Qwik-Cook, Inc. v. Birddog Solutions, Inc.*, No. 09-CV-6278, 2009 U.S. Dist. LEXIS 94545, at *5-*11 (W.D.N.Y. 2009) (motion to dismiss claim granted where all remedies sought under claim barred by contractual limitation of liability provision); *Sved v. Chadwick*, 783 F. Supp. 2d 851, 863 (N.D. Tex. 2009) ("Defendants may raise a limitation of liability clause such as this one in a Rule 12(b)(6) motion to dismiss …."); *Allen Bros. v. Abacus Direct Corp.*, No. 01 C 6158, 2002 U.S. Dist. LEXIS 2568, at *15 (N.D. Ill. 2002) (granting motion to dismiss breach of contract claim seeking "lost sales and lost business opportunity" where "incidental or consequential damages" barred by contractual limitation of liability provision); *Lucre, Inc. v. ADC Telcoms.*, No. 1:02-CV-343, 2002 U.S. Dist. LEXIS 15421, at *15 (W.D. Mich. 2002) ("Because the limitation of liability provision precludes Lucre from recovering any damages for breach of contract or breach of warranty, the motion to dismiss is granted as to Counts I and II.").

Dated: October 9, 2012           MITCHELL SILBERBERG & KNUPP LLP

                                 By:  /s/ Russell J. Frackman
                                      Russell J. Frackman, SBN 49087
                                      Seth E. Pierce, SBN 186576
                                      David A. Steinberg, SBN 130593
                                      Daniel M. Hayes, SBN 240250

                                 Attorneys for Defendant Capitol Records, LLC

Dated: October 9, 2012           SIDLEY AUSTIN LLP

                                 By: /s/ Peter I. Ostroff
                                      Peter I. Ostroff, SBN 45718
                                      Rollin A. Ransom, SBN 196126
                                      Sean A. Commons, SBN 217603
                                      R. C. Harlan, SBN 234279

                                 Attorneys for Defendant Capitol Records, LLC